**FOWLER v. SHEPPEARD, Deputy Com'r, U. S. Employees' Compensation Commission, et al.**

**Civil Action No. 323.**

District Court, S. D. Texas, Galveston Division.

April 19, 1945.

Mandell & Wright, of Houston, Tex. (by Bliss Daffan, of Houston, Tex.), for plaintiff.

Baker, Botts, Andrews & Wharton, of Houston, Tex. (by T. E. Mosheim, of Houston, Tex.), Brian S. Odem, U. S. Atty., and C. H. Sherman, Asst. U. S. Atty., both of Houston, Tex., for defendants.

KENNERLY, District Judge.

This is a proceeding under the Longshoremen's and Harbor Workers' Compensation Act, Section 901 et seq., Title 33 U.S.C.A., and under Section 10 thereof, Section 910, Title 33 U.S.C.A., to review an award of compensation made by a Deputy Commissioner to plaintiff, Jay Fowler, on August 17, 1944. In making such award the Deputy Commissioner found that on January 15, 1943, plaintiff was an employee in the service of the Todd Galveston Dry Docks, Inc., in Galveston, Texas, and that on such date, he was injured at a time and under circumstances that brought his case within such Act. The sole and only finding by the Deputy Commissioner which is sought to be reviewed here is as follows:

"That from January 15, 1942, to January 15, 1943, Jay Fowler earned $2,467.62; that on January 15, 1943, Jay Fowler was earning an average weekly wage of $47.46."

Plaintiff says that there is no evidence in the Record to support the finding that he earned only $2,467.62 from January 15, 1942, to January 15, 1943, and the finding that on January 15, 1943, he was earning only an average weekly wage of $47.46.

The case has been submitted on the Stenographic Record made before the Deputy Commissioner.

1. Section 910, Title 33 U.S.C.A., sets forth the manner in which the average weekly wage of an injured employee is to be determined. It is as follows:

"Sec. 910. Determination of pay. Except as otherwise provided in this chapter, the average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"(a) If the injured employee shall have worked in the employment in which he was working at the time of the injury,

whether for the same or another employer, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"(b) If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"(c) If either of the foregoing methods of arriving at the annual average earnings of an injured employee can not reasonably and fairly be applied, such annual earnings shall be such sum as having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the injury.

"(d) The average weekly wages of an employee shall be one fifty-second part of his average annual earnings.

"(e) If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages."

I find in the Record this stipulation:

"The Deputy Commissioner: Have you worked out a stipulation on the wage matter?

"Mr. Mandell: Yes, sir.

"Stipulation

"It is stipulated that the claimant earned $2,609.82 during the year immediately previous to the injury in Maritime employment from April 3, 1942 to June 12, 1942; then from August 18, 1942 to January 15, 1943.

"The Deputy Commissioner: Is that correct, Mr. Harvey?

'Mr. Harvey: That is correct.

"The Deputy Commissioner: Very well."

I construe such stipulation to mean that plaintiff at the time of the injury had not been working in such employment for the same or another employer during substantially the whole of the year immediately preceding the injury, but for only about seven months, during which time he earned $2609.82, and that Subdivision (a) of Section 910 is, therefore, not applicable.

2. I find in the Record this additional stipulation:

"Mr. Mandell: It is further stipulated that other employees doing the same type of work for the same employer and who had been employed as follows:

"One Jack Romero, from February 17, 1942, to December 31, 1942, earned $4,686.29 and one Axel A. Lasneske, who worked from January 15, 1942, to January 15, 1943, earned $5,313.14. These two employees were engaged in the same type of work as the claimant, working for the same employer.

"The Deputy Commissioner: Is there any objection to that?

"Mr. Harvey: No objection.

"The Deputy Commissioner: All right, Now, proceed with the testimony."

This stipulation of the earnings of other employees would, under Subdivision (b) of Section 910, entitle the plaintiff to a finding of annual earnings of much more than $2,467.62, and of more than $47.46 as his average weekly wage on January 15, 1943.

I have examined the Record, and the only other reference to plaintiff's earnings is a stipulation that he earned $2,467.62 during the year 1943. Eleven and one-half months of this period would be after the injury. The Record shows he worked very little after the injury in 1943.

3. It is, therefore, perfectly clear that the Deputy Commissioner's finding that from January 15, 1942, to January 15, 1943, plaintiff earned $2,467.62, and that on January 15, 1943, he was earning an average weekly wage of $47.46 is not supported by any Stipulation or Evidence in the Record.

It follows that the matter as to the finding complained of should be sent back to the Deputy Commissioner, with directions to, after due notice to interested parties, proceed under Section 910 to again hear, inquire into, and determine the matter of

the applicable average weekly wage of plaintiff.

Let an order be drawn and presented accordingly.